IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY KESSLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| MCFARLAND TRUCK LINES, INC., and | ) |
| ARCHIE LEE GROSS, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES Plaintiff, AMY KESSLER, by and through her attorneys, Whiting Law Group, Ltd., and complains of the Defendants, MCFARLAND TRUCK LINES, INC., and ARCHIE LEE GROSS, as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Amy Kessler (hereinafter "Plaintiff") is, and at all times relevant to this matter was, a resident of the City of Paola, County of Miami, State of Kansas.

2. Defendant Archie Lee Gross (hereinafter "Defendant Gross") is, and at all times relevant to this matter was, a resident of the City of Le Sueur, County of Le Sueur, State of Minnesota.

3. Defendant McFarland Truck Lines, Inc., (hereinafter "Defendant McFarland") is, and at all times relevant to this matter was, a foreign Minnesota corporation that regularly did business in the State of Illinois and had continuous and systematic contacts in Illinois. The form BOC-3 designated national registered agent for Defendant McFarland is National Resident Agent Service located at 120 W. 22nd St., Ste. 100, Oak Brook, IL 60523 within the Eastern Division of the United States District Court for the Northern District of Illinois. Defendant McFarland may be served with process via its registered agent with the Illinois Secretary of State's office, Michael J. Korst, at 2720 Caton Farm Rd., Joliet, IL 60435, also located within the Eastern Division of the United States District Court for the Northern District of Illinois.

1

4. The facts giving rise to Plaintiff's cases of action occurred in Roscoe Township, Winnebago County, Illinois.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), by reason that Plaintiff is a resident of Kansas and Defendant McFarland and Defendant Gross are residents of the State of Minnesota, thus creating a diversity of citizenship; and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6. Pursuant 28 U.S.C. § 1391(b)(1) and (2), venue is proper in the Northern District of Illinois as a substantial part of the events giving rise to the action occurred therein and cases occurring in such district may be brought in either division; venue is further proper in the Eastern Division of the Northern District of Illinois specifically as the judicial district in which Defendant McFarland resides and where its registered agent is located. *See Graham v. United Postal Service*, 519 F.Supp.2d 801, 809 (N.D. Ill. 2007); *I&M Rail Link v. Northstar Navigation*, 21 F.Supp.2d 849, 858 (N.D. Ill. 1998).

## FACTS COMMON TO ALL COUNTS

7. Plaintiff hereby incorporates by reference all of the preceding allegations of the Complaint as if fully set forth herein.

8. At all times relevant herein, Plaintiff was the driver of a 2002 Chevrolet Suburban.

9. At all times relevant herein, Defendant Gross was the driver of a 2017 Freightliner Cascadia semi-truck and trailer, VIN#3AKJGLDR9HSHT8822 (hereinafter, the "Semi").

10. Defendant McFarland owned the Semi.

11. Defendant McFarland is a motor carrier under the Federal Motor Carrier Safety Regulations (FMCSRs) with operating authority under Motor Carrier ("MC") Number 260226 and Department of Transportation ("DOT") Number 509519.

12. On or about July 26, 2019, at approximately 3:35p.m., Plaintiff was traveling westbound on Interstate 90 through Roscoe Township, Winnebago County, Illinois.

13. Plaintiff was driving her vehicle in a reasonable and careful manner.

14. At the same time and location, Defendant Gross was traveling westbound on Interstate 90 directly behind Plaintiff's vehicle.

15. Plaintiff approached a construction zone on the Interstate where traffic was being merged due to a lane closure from the construction work being performed.

16. Traffic was heavy and had slowed due to the construction zone and lane merger in the area.

17. Plaintiff appropriately slowed and stopped for traffic in front of her.

18. Despite these conditions, Defendant Gross failed to stop for traffic and rear-ended Plaintiff's vehicle.

19. The force of the impact caused a chain-reaction collision where Plaintiff's vehicle was pushed into the vehicle in front of her, a 2017 Chrysler Pacifica, which then impacted the vehicle in front of it, a 2014 Nissan Rogue.

20. Four vehicles, including the Semi, were ultimately involved in the wreck (hereinafter, the "Collision").

21. At all times relevant herein, Defendant Gross was a permissive user operating the Semi under Defendant McFarland's MC Number 260226 and DOT Number 509519.

22. At all times relevant herein, Defendant Gross was working as a professional truck driver within the course and scope of his duties as a permissive driver and user for Defendant McFarland.

23. At all times relevant herein, and upon information and belief, Defendant Gross operated the Semi with the knowledge of Defendant McFarland.

24. At all times relevant herein, and upon information and belief, Defendant Gross operated the Semi with the consent of Defendant McFarland.

**COUNT I**
**Negligence**
**(Against Defendant Gross)**

25. Plaintiff hereby incorporates by reference all of the preceding allegations of the Complaint as if fully set forth herein.

26. At all times relevant herein, Defendant Gross was a permissive user of Defendant McFarland.

27. At all times relevant herein, Defendant Gross owed a duty to operate the Semi he was driving for Defendant McFarland with ordinary care for the safety of others then and there upon said roadway, including to Plaintiff, so as not to cause injury or damage to others on the highway.

28. In violation of this duty, Defendant Gross carelessly and negligently did, or failed to do, one or more of the following acts:

   a. Failed to operate the Semi at a speed greater than was reasonable and prudent to avoid a collision in violation of 49 C.F.R. § 383.111;

   b. Failed to take reasonable precautions as necessary upon entering a construction zone;

   c. Failed to operate the Semi appropriately considering the construction zone and lane merger encountered on the highway;

   d. Failed to pay proper attention while operating the Semi and engaging in inattentive driving;

   e. Failed to provide adequate space management when following other vehicles, in violation of 49 C.F.R. § 383.111;

   f. Failed to keep a proper lookout for other vehicles and traffic on the highway;

   g. Failed to decrease the speed of the Semi as necessary to avoid colliding with Plaintiff's vehicle and other vehicles on the roadway;

   h. Failed to recognize the potential hazards when entering a construction zone to avoid colliding with Plaintiff's vehicle;

   i. Failed to follow the Illinois traffic rules of the road;

   j. Failed to maintain proper control of the Semi;

   k. Engaged in reckless and careless manner of driving; and

   l. Such other acts and omissions of negligence as will be determined through discovery.

29. Defendant Gross' negligence was the sole and proximate cause of the Collision.

30. As a direct and proximate result of Defendant Gross' negligence, Plaintiff was injured and has sustained the following damages, all in excess of $75,000.00:

   i. Past medical expenses;

      ii. Future medical expenses;

      iii. Permanent physical damage and disability; and

      iv. Past and future physical pain and suffering and mental anguish.

WHEREFORE, Plaintiff AMY KESSLER demands judgment against Defendant ARCHIE LEE GROSS for Count I of the Complaint, for a sum in excess of $75,000.00, for costs, for post-judgment interest, and for any and all other relief this Court deems proper.

### COUNT II
### Institutional Negligence –
### Negligent Hiring, Training & Supervision
### (Against Defendant McFarland)

31. Plaintiff hereby incorporates by reference all of the preceding allegations of the Complaint as if fully set forth herein.

32. At all times relevant herein, and upon information and belief, Defendant McFarland did not have adequate performance standards in place to ensure that it hired and retained qualified and competent truck drivers and that its commercial truck drivers performed their job duties in accordance with FMCSA guidelines and regulations.

33. At all times relevant herein, and upon information and belief, there were FMCSA guidelines and regulations and industry standards in effect, relating to driver qualification and retention of truck drivers and training on driving the Semi in construction zones, seeing such conditions on roadways, managing space, maintaining basic control of the Semi, and safe driving procedures generally and in such construction zone areas.

34. At all times relevant herein, and upon information and belief, Defendant McFarland did not adequately inform Defendant Gross of FMCSA's guidelines and regulations relating to construction zones, training on driving the Semi in construction zones, seeing such conditions on roadways, managing space, maintaining basic control of the Semi, and safe driving procedures generally and in such construction zone areas.

35. At all times relevant herein, and upon information and belief, Defendant McFarland did not have an adequate performance standard in place to ensure that the FMCSA's guidelines and regulations were being followed and correctly implemented by its commercial truck drivers, including Defendant Gross.

36. At all times relevant herein, Defendant McFarland owed a duty of reasonable care to Plaintiff.

37. At all times relevant herein, Defendant McFarland owed to Plaintiff the duty to teach and train its drivers in accordance with FMCSA guidelines and procedures.

38. At all times relevant herein, Defendant McFarland owed to Plaintiff the duty to train, educate, and/or adequately inform its commercial truck drivers of the FMCSA's guidelines and regulations, and to ensure the safety of other motorists traveling on the roadway.

39. On or about July 26, 2019, and at all times relevant herein, Defendant McFarland individually and by and through its permissive user of the Semi, Defendant Gross, failed to exercise reasonable care by committing one or more of the following acts or omissions:

   a. Failure to implement adequate performance standards to ensure that its commercial truck drivers, including Defendant Gross, performed their job duties in accordance with the FMCSA guidelines and procedures; and/or

   b. Failure to periodically review the performance of its commercial truck drivers, including Defendant Gross, to determine whether they were adequately following FMCSA guidelines and procedures; and/or

   c. Failure to adequately inform Defendant Gross of the FMCSA's guidelines and procedures relating to construction zones, and training on driving the Semi in construction zones, seeing such conditions on roadways, managing space, maintaining basic control of the Semi, and safe driving procedures generally and in such construction zone areas.

40. As a direct and proximate result of one or more of these negligent acts or omissions of Defendant McFarland, Plaintiff sustained injuries of a physical, personal, and pecuniary nature, and has sustained the following damages, all in excess of $75,000.00:

   i. Past medical expenses;

      ii. Future medical expenses;

      iii. Permanent physical damage and disability; and

      iv. Past and future physical pain and suffering and mental anguish.

WHEREFORE, Plaintiff AMY KESSLER demands judgment against Defendant MCFARLAND TRUCK LINES, INC. for Count II of the Complaint, for a sum in excess of $75,000.00, for costs, for post-judgment interest, and for any and all other relief this Court deems proper.

### COUNT III
### Negligence-Property Damage
### (Against All Defendants)

41. Plaintiff hereby incorporates by reference all preceding allegations of the Complaint as if fully set forth herein.

42. Plaintiff breeds and shows Bernese Mountain dogs.

43. At the time of the Collision, Plaintiff was taking four Bernese Mountain dogs to a dog show.

44. One of Plaintiff's male dogs sustained injuries in the Collision, including trauma to his testicles which resulted in blood in his semen and a reduced sperm count.

45. Plaintiff used said dog for breeding prior to the Collision.

46. As a direct and proximate result of Defendant Gross and/or Defendant McFarland's negligence, Plaintiff was unable to breed said dog and lost at least two stud fees for the dog and veterinarian bills due to his injuries.

47. Plaintiff was further unable to show the dogs at the scheduled dog show on the date of the Collision, July 26, 2019, due to her injuries, and incurred fees of $360.00 in order to have the Professional Handlers' Association, Inc., show two of the dogs for her at the show.

48. As a direct and proximate result of Defendant Gross and/or Defendant McFarland's negligence, Plaintiff, in total, incurred $6,584.60 in property damages for the aforementioned losses associated with her dogs.

WHEREFORE, Plaintiff prays for judgment against Defendants ARCHIE LEE GROSS and MCFARLAND TRUCK LINES, INC., for Count III of the Complaint in the amount of $6,584.60 for property damage incurred, for costs, for pre-judgment and post-judgment interest, and for such other relief as the Court finds just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all Counts of the Complaint.

**WHITING LAW GROUP, LTD.**　　　　　　　　　　　　　　__/s/Timothy M. Whiting_____
Timothy M. Whiting　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*
Jennifer M. DiVincenzo
901 W. Jackson Blvd., Suite 400
Chicago, IL 60607
T: (312) 372-1655
E: eservice@whitinglawgroup.com